1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                         FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    TYRELL AINSWORTH,                          No. 2:25-cv-1156 DJC AC P

11                    Plaintiff,

12           v.                                  FINDINGS AND RECOMMENDATIONS

13    CDCR, et al.,

14                    Defendant.

15

16           Plaintiff is a state prisoner proceeding pro se with this civil action and seeks leave to

17    proceed in forma pauperis under 28 U.S.C. § 1915(a).

18    I.     Three Strikes Analysis

19           Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).  ECF No. 3.

20    The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to

21    authorize the commencement and prosecution of any suit without prepayment of fees by a person

22    who submits an affidavit indicating that the person is unable to pay such fees.  However,

23                  [i]n no event shall a prisoner bring a civil action or appeal a
                    judgement in a civil action or proceeding under this section if the
24                  prisoner has, on 3 or more occasions, while incarcerated or detained
                    in any facility, brought an action or appeal in a court of the United
25                  States that was dismissed on the grounds that it is frivolous,
                    malicious, or fails to state a claim upon which relief may be granted,
26                  unless the prisoner is under imminent danger of serious physical
                    injury.
27

28    28 U.S.C. § 1915(g).  The plain language of the statute makes clear that a prisoner is precluded

1    from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three

2    frivolous actions and/or appeals (or any combination thereof totaling three).  Rodriguez v. Cook,

3    169 F.3d 1176, 1178 (9th Cir. 1999).

4         "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only

5    when, after careful evaluation of the order dismissing an action, and other relevant information,

6    the district court determines that the action was dismissed because it was frivolous, malicious or

7    failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  "[W]hen a

8    district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is

9    frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint

10   is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of

11   the prisoner's application to file the action without prepayment of the full filing fee."  O'Neal v.

12   Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).  Dismissal also counts

13   as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it

14   fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an

15   amended complaint" regardless of whether the case was dismissed with or without prejudice.

16   Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

17        Inspection of other cases filed by plaintiff has led to the identification of at least four cases

18   that qualify as strikes.  The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

19        1.  Ainsworth v. Frisco, No. 2:18-cv-7682 PSG AGR (C.D. Cal.) (case dismissed on

20             September 14, 2018, as frivolous, malicious, or for failure to state a claim (ECF No.

21             4));

22        2.  Ainsworth v. Batsakis, No. 2:23-cv-1281 PA AGR (C.D. Cal.) (case dismissed on

23             February 27, 2023, as frivolous, malicious, and for failure to state a claim (ECF No.

24             4));

25   _____

26   [1]  The court "may take notice of proceedings in other courts, both within and without the federal
     judicial system, if those proceedings have a direct relation to matters at issue."  United States ex
27   rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)
     (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court
28   may take judicial notice of facts that are capable of accurate determination by sources whose
     accuracy cannot reasonably be questioned).

3.  Ainsworth v. Macombre, No. 2:23-cv-4263 PA AGR (C.D. Cal.) (case dismissed on July 24, 2023, as frivolous (ECF No. 6)); and

4.  Ainsworth v. Luna, No. 2:23-cv-4266 PA AGR (C.D. Cal.) (case dismissed on July 24, 2023, for failure to state a claim (ECF No. 7)).

All of the preceding cases were dismissed well in advance of the April 13, 2025[2] filing of the instant action, and none of the strikes have been overturned.[3]  Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint.  Andrews v. Cervantes (Cervantes), 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").  "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint," Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022), and the allegations of such danger must be plausible, Cervantes, 493 F.3d at 1055 ("the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

The complaint alleges a broad-ranging conspiracy by a variety of individuals, both within and without the California Department of Corrections and Rehabilitation (CDCR), that spans multiple years and correctional facilities.  ECF No. 1.  Plaintiff alleges that he is the target of a conspiracy by homosexual staff and inmates who are "attempt[ing] to get [him] to conform to homosexuality."  Id. at 13, 20.  The conduct alleged by plaintiff appears to have occurred primarily between 2019 and 2022, at prisons other than the one at which plaintiff was housed

---

[2]  Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

[3]  The Ninth Circuit recently found plaintiff to have accrued three strikes under § 1915(g) based on the first three cases.  See Ainsworth v. Mazariegos, No. 25-2472 (9th Cir. June 23, 2025), ECF No. 7.

1    when he filed the complaint.  Id. at 6-29.  Much of the alleged conduct also fails to demonstrate

2    any risk of physical harm (e.g., deducting money from plaintiff's trust account, interfering with

3    his access to the courts, issuing false disciplinaries, etc.).  The court cannot identify any

4    allegations that would demonstrate a plausible, imminent risk of serious physical injury at the

5    time plaintiff filed the complaint, and the undersigned will therefore recommend that plaintiff be

6    required to pay the filing fee in full or have the complaint dismissed.

7        II.    Plain Language Summary of this Order for a Pro Se Litigant

8        You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis

9    status unless you show the court that you were in imminent danger of serious physical injury at

10   the time you filed the complaint.  You have not shown that you were in imminent danger of

11   serious physical injury and so it is being recommended that your motion to proceed in forma

12   pauperis be denied and you be required to pay the whole filing fee at one time.

13       Accordingly, IT IS HEREBY RECOMMENDED that:

14       1.  Plaintiff's application to proceed in forma pauperis (ECF No. 3) be DENIED; and

15       2.  Plaintiff be ordered to pay the entire $405.00 in required fees within thirty days or face

16   dismissal of the case.

17       These findings and recommendations are submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19   after being served with these findings and recommendations, plaintiff may file written objections

20   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

21   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

22   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

23   (9th Cir. 1991).

24   DATED: July 17, 2025

25                                                    allison Clane

26                                              ALLISON CLAIRE
                                               UNITED STATES MAGISTRATE JUDGE

27

28

                                                4